MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
Anahi Cruz, Bar No. 324326
Richard A. Westmoreland, Bar No. 347917
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:    +1.213.612.2501
jennifer.zargarof@morganlewis.com
anahi.cruz@morganlewis.com
richard.westmoreland@morganlewis.com

Attorneys for Defendants
LONGS DRUG STORES CALIFORNIA, LLC;
CAREMARK, LLC; and CVS PHARMACY, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILA IMELDA RODRIGUEZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LONGS DRUG STORES CALIFORNIA, L.L.C., a California Limited Liability Company; CAREMARK, L.L.C., a California Limited Liability Company; CVS PHARMACY, INC., a Rhode Island Corporation, and DOES 1 – 50, Inclusive,<br><br>Defendants. | Case No. 1:25-at-00738<br><br>[Fresno County Superior Court Case No. 25CECG03366]<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed:  July 17, 2025 |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants CVS Pharmacy, Inc. ("CVS"), Longs Drug Stores California, LLC, and Caremark, LLC (together, "Defendants") hereby remove the state court action captioned *Priscila Imelda Rodriguez v. Longs Drug Stores California, LLC, et al.*, Case No. 25CECG03366 (the "State Court Action") from the Superior Court of the State of California for the County of Fresno to this U.S. District Court.

## I.   PROCEDURAL BACKGROUND

1. On July 17, 2025, Plaintiff Priscila Imelda Rodriguez ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Fresno. Declaration of Anahi Cruz ("Cruz Decl."), at ¶ 2.

2. On July 29, 2025, Plaintiff personally served the Summons and Complaint, along with other case initiating documents, on Defendants. A copy of Plaintiff's Complaint and Summons, and all other process, pleadings, and orders served on Defendants are attached as **Exhibit A** to the Cruz Declaration.

3. On August 28, 2025, Defendants filed their Answer to Plaintiff's Complaint in the State Court Action, a true and correct copy of which is attached as **Exhibit B** to the Cruz Declaration. Exhibits A-B constitute all the pleadings, process and orders in the State Court Action to Defendants' knowledge to date.

## II.   THIS REMOVAL IS TIMELY

4. Plaintiff personally served Defendants with the Summons and Complaint on July 29, 2025. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint on Defendants, it is timely under 28 U.S.C. §§ 1446(b). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

5. Plaintiff seeks to bring this action as a putative class action under Cal. Code Civ. Proc. § 382. *See* Cruz Decl., Ex. A ¶ 11. Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (a) the aggregate number of putative class members is 100 or greater; (b) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (c) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28. U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendants deny Plaintiff's factual allegations and deny that Plaintiff, or the classes she purports to represent, are entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and her prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

#### A. The Proposed Class Contains Well Over 100 Members.

6. Plaintiff asserts claims on behalf of herself and a class consisting of "[a]ll current and former hourly non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this complaint to final judgment." Cruz Decl., Ex. A ¶ 12. A review of Defendant's records shows that, based on Plaintiff's definition, the proposed class contains well over 100 current and former employees.

#### B. Minimal Diversity of Citizenship Exists Between the Parties.

7. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,

---

[1] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against them under applicable California law.

602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that, to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

8. Here, minimal diversity exists between Plaintiff and Defendants because Plaintiff and CVS are citizens of different states.

### 1. Plaintiff (and Putative Class Members) are Citizens of California.

9. "An individual is a citizen of the state in which he is domiciled[.]" *Boon v. Allstate Ins. CO.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

10. Plaintiff alleges that she "worked for Defendants in [Fresno] County," California. *See* Cruz Decl., Ex. A ¶ 3. Plaintiff does not allege that she was or is a citizen of any other state. Further, Defendants' records reflect that during her tenure, Plaintiff has had a California address. Evidence of continuing residence creates a presumption of domicile. *See Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

11. Defendants therefore believe, consistent with the above, that Plaintiff was, at the time of filing the Complaint, and remains at the time of this removal, a citizen of California.

12. Moreover, Plaintiff has brought claims on behalf of alleged putative class members who worked for Defendants in California. Cruz Decl., Ex. A ¶¶ 12–13. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

### 2. Defendant CVS Pharmacy, Inc. is a Citizen of Rhode Island.

13. A corporation "is a citizen of any State by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). CVS Pharmacy, Inc. is, and at all times relevant to this action was, a corporation organized under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island. CVS's headquarters are located in Rhode Island, CVS's executive officers work out of the corporate offices in Rhode Island, and none of its executive officers are based in California.

14. Thus, for purposes of diversity, at all times relevant hereto, CVS has been a citizen of Rhode Island, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

### 3. The Citizenship of Fictitious "Doe" Defendants is Irrelevant for Purposes of Removal.

15. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded." The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

16. Because Plaintiff and CVS are not citizens of the same state, and CVS is not a citizen of California, minimal diversity of citizenship existed at the time the Complaint was filed, and minimal diversity jurisdiction exists under CAFA.

17. Moreover, because at least one putative class member is a citizen of a different state from that of one defendant, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount in Controversy Requirement is Satisfied.

18. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, Defendants, as the removing parties, "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

19. In determining whether the amount in controversy meets the jurisdictional threshold, courts must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean*

*Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount the plaintiff's complaint puts "in controversy," not what a defendant actually will owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (denying plaintiff's motion for remand). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204–05. Similarly, a removal notice "need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 84.

20. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claim for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1998 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.").

21. Although Defendants deny Plaintiff's factual allegations and deny that she or the class she seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have "plausibly" put into controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. §1332(d)(6).

### 1. Demonstrating the Amount in Controversy.

22. Plaintiff seeks to represent a class consisting of "[a]ll current and former hourly non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this complaint to final judgment." Cruz Decl., Ex. A ¶ 12. Plaintiff further alleges that her claims "are typical of all other class members'" (*id.* ¶ 18) and seeks, among other things, compensatory and nominal damages, restitution, penalties, and attorneys' fees, costs and interest. *See id.* ¶¶ 53–55, 64, 71, 79, 83, 89–90, 100, 105, 110, 116, and Prayers.

      **a.    Plaintiff's Fifth Cause of Action for "Failure to Pay Wages Upon Discharge of Employment/Waiting Time Penalties" Puts Well Over $5,000,000 in Controversy**

23. Plaintiff alleges that she "and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203." Cruz Decl., Ex. A ¶ 83. Under California Labor Code section 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days. Cal. Lab. Code § 203.

24. Of the individuals who fall within Plaintiff's class definition, no fewer than 1,500 are former employees who separated from employment 30 or more days before the commencement of this action, *i.e.*, potentially entitled to full waiting time penalties pursuant to Labor Code section 203. The weighted-average hourly minimum wage for the State of California during the last three (3) years is $15.50.[2] *Id.* Consequently, the amount placed in controversy by Plaintiff's cause of action for "Failure to Pay Wages Upon Discharge of Employment/Waiting Time Penalties" can be calculated as follows:

---

[2] The weighted-average minimum hourly wage for the State of California during the limitations period serves as a conservative estimate of the average hourly rate of pay earned by the putative class members. However, Defendants regularly pay their non-exempt, hourly employees at a higher hourly rate of pay than the State of California minimum wage requirement. Nevertheless, Defendants will use the conservative estimate for the purposes of establishing the CAFA amount in controversy requirement is met.

**1,500 individuals * $15.50/hour * 8 hours * 30 days = $5.58M**

25. Thus, Plaintiff's Fifth Cause of Action alone puts over well over $5 million at issue, thereby satisfying the CAFA's amount-in-controversy requirement.

### b. Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold

26. In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied.

27. The "amount in controversy" includes all alleged recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

28. Plaintiff's numerous other causes of action all place additional amounts in controversy. Plaintiff's First Cause of Action for "Failure to Pay Minimum Wages" alleges that Defendants failed "to pay minimum wage to Plaintiff and the other class members" and therefore "Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Cruz Decl., Ex. A ¶¶ 52–53.

29. Plaintiff's Second Cause of Action for "Failure to Pay Overtime Wages" alleges that Defendants "failed to pay overtime wages owed to Plaintiff and the other class members" and therefore "Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees." Cruz Decl., Ex. A ¶¶ 62, 64.

30. Plaintiff's Third Cause of Action for "Failure to Provide Meal Periods" alleges that Defendants "required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods," entitling them to recover "one additional hour of pay at the

employee's regular rate of compensation for each work day" when a violation occurred. Cruz Decl., Ex. A ¶¶ 69, 71.

31. Plaintiff's Fourth Cause of Action for "Failure to Provide Rest Periods" alleges that Defendants "required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods," entitling them to recover "one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided." Cruz Decl., Ex. A ¶¶ 77, 79.

32. Plaintiff's Sixth Cause of Action for "Failure to Provide Accurate Itemized Wage Statements" alleges that Defendants "failed to provide Plaintiff and the other class members with complete and accurate wage statements," entitling them to recover "the greater of their actual damages . . . or an aggregate penalty not exceeding four thousand dollars per employee." Cruz Decl., Ex. A ¶¶ 86, 89.

33. Plaintiff's Eighth Cause of Action for "Failure to Reimburse Business Expenses" alleges that Defendants "failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs," entitling them to recover those "business-related expenses and costs . . . plus interest accrued from the date on which the employee incurred the necessary expenditures[.]" Cruz Decl., Ex. A ¶¶ 99–100.

34. Plaintiff's Ninth Cause of Action for "Failure to Pay Sick Pay" alleges that Defendants failed "to pay all sick pay to Plaintiff and Class Members, and as a matter of policy and practice, Defendants failed to timely pay Plaintiff and Class Members all due wages or timely pay all due wages upon separation of employment," and Defendants "accordingly owe damages, restitution, and applicable penalties, including waiting time penalties." Cruz Decl., Ex. A ¶¶ 104–105.

35. Plaintiff's Tenth Cause of Action for "Unfair Business Competition" alleges that Defendants' use of these practices "provides an unfair advantage over Defendants' competitors," entitling Plaintiff and the other class members to "full restitution of monies . . . to restore any and

all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein." Cruz Decl., Ex. A ¶¶ 109–110.

36. Additionally, Plaintiff seeks recovery of attorneys' fees. Cruz Decl. Ex. A, Prayers. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code § 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795-96, n.6.

37. Defendants deny Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendants have already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

**IV.   VENUE**

38. This Court is the proper venue for this action under 28 U.S.C. § 1441(a). The State Court Action is pending in the County of Fresno, California, and the United States District Court for the Eastern District of California is the United States District Court that embraces the place where the State Court Action is pending.

**V.   NOTICE**

39. Defendants will promptly file a removal notice with the Clerk of the Superior Court of the State of California for the County of Fresno, and will serve written notice of the same upon counsel of record for Plaintiff. 28 U.S.C. § 1446(d).

## VI. CONCLUSION

40. Based on the foregoing, Defendants respectfully request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated:  August 28, 2025                    MORGAN, LEWIS & BOCKIUS LLP


By */s/ Jennifer B. Zargarof*
Jennifer B. Zargarof
Anahi Cruz
Richard A. Westmoreland
Attorneys for Defendants
LONGS DRUG STORES CALIFORNIA, LLC; CAREMARK, LLC; and CVS PHARMACY, INC.